**FORECLOSURE CONSULTANTS, INC., a California Corporation, Plaintiff,**

v.

**ASL INVESTMENTS (MOULTON PARKWAY) INC., a California Corporation, Defendant,**

and

**Chevron, Defendant—Appellee,**

**Theodor C. Albert, Chapter 7 Trustee on behalf of Sayareh Rastegar, an individual, Defendant-cross-claimant—Appellant.**

No. 04–56567.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2006.*

Filed June 19, 2006.

Martin W. Phillips, Esq., Lane & Phillips, Anaheim, CA, for Plaintiff.

Herbert N. Niermann, Esq., Herbert N. Niermann Attorney at Law, Irvine, CA, for Defendant.

Michael L. Armstrong, Pillsbury Winthrop LLP, Los Angeles, CA, for Defendant-Appellee.

Paula J. Bailey, Chevron Products Company, Brea, CA, Sima Fard, Irvine, CA, for Defendant–Cross–Claimant–Appellant.

Before: D.W. NELSON, RAWLINSON, and BEA, Circuit Judges.

MEMORANDUM **

Theodor C. Albert[1] appeals the district court's award of the surplus funds from a foreclosure sale to Chevron Products Company. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Because the Internal Revenue Service was a party to the case, the interpleader action was properly removed to federal court under 28 U.S.C. § 1442(a)(1) and 28 U.S.C. § 1444. The district court did not abuse its discretion under § 1442(a)(1) and § 1444 in retaining jurisdiction after the IRS and Shockers, Inc. were dismissed from the case. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

The district court did not improperly deny Rastegar's demand for a jury trial.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

1. Albert is the Chapter 7 Trustee for Sayareh Rastegar and brings this appeal on her behalf.

**640**

Rastegar's attorney expressly consented to the district court's bifurcation of the trial into two phases, and Rastegar participated in the bench trial without objection. *See Thompson v. Mahre,* 110 F.3d 716, 721 (9th Cir.1997); *White v. McGinnis,* 903 F.2d 699, 703 (9th Cir.1990) (en banc) ("[K]nowing participation in a bench trial without objection is sufficient to constitute a jury waiver.")

The district court did not improperly deny Rastegar's due process right to call Paula Bailey and Adrien Labi as witnesses. As an attorney employed by Chevron, Bailey's legal impressions are protected by the attorney-client privilege and work product doctrine, and the district court properly disallowed such questioning. Rastegar and the court agreed Labi's attendance at trial would only be an issue if the court did not award the entire amount of the surplus fund to Chevron.

The district court did not err in awarding Chevron all of the surplus funds because Chevron presented evidence to establish the amount of its claim. *Kisor v. Johns–Manville Corp.,* 783 F.2d 1337, 1340 (9th Cir.1986).

Nothing in the record indicates that the district court was biased against Rastegar or her counsel.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.