**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RODOLFO VELASQUEZ, | No. 10-16274 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-02520-JSW |
| v. | |
| PATRICK R. DONAHOE, United States Postal Service, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted December 19, 2011[**]

Before:     GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Rodolfo Velasquez appeals pro se from the district court's summary

judgment in his employment action alleging disability discrimination in violation

of the Rehabilitation Act.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, Velasquez's request for oral argument is denied.

review de novo. *Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1005 (9th Cir. 2007). We affirm.

The district court properly granted summary judgment because Velasquez failed to raise a genuine dispute of material fact as to whether he suffered discrimination because of his disability. *See id.* ("To state a prima facie case under the Rehabilitation Act, a plaintiff must demonstrate that . . . [he] suffered discrimination because of [his] disability."). Even assuming that Velasquez raised a triable dispute as to the prima facie case, Velasquez failed to raise a triable dispute as to whether the United States Postal Service's legitimate, nondiscriminatory reason for assigning him to a new job position was pretextual. *See Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 884 (9th Cir. 2004) (same analysis under Rehabilitation Act and Americans with Disabilities Act ("ADA")); *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1093-94 (9th Cir. 2001) (under the ADA, if an employee establishes a prima facie case and the employer provides a nondiscriminatory reason for its adverse action, the employee must raise a genuine dispute of material fact as to pretext).

We are not persuaded by Velasquez's remaining contentions, including those regarding the district court's decision not to allow his witness to testify at the summary judgment hearing. *See Thompson v. Mahre*, 110 F.3d 716, 719 (9th Cir.

1997) ("[O]rdinarily there is no such thing as an evidentiary hearing . . . on a summary judgment motion.").

**AFFIRMED.**