# FOR PUBLICATION
# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

A. D., a Minor; J. E., a Minor;
SUE CASEY,

        *Plaintiffs-Appellees,*

        v.

STEPHEN MARKGRAF,

        *Defendant-Appellant,*

        and

STATE OF CALIFORNIA HIGHWAY
PATROL,

        *Defendant.*

Nos. 09-16460
     09-17635

D.C. No.
3:07-cv-05483-SI
Northern District of
California,
San Francisco

ORDER

Filed April 11, 2012

Before: Arthur L. Alarcón, Diarmuid F. O'Scannlain,* and
N. Randy Smith, Circuit Judges.

---

## ORDER

The Opinion filed April 6, 2011, and appearing at 636 F.3d 555 (9th Cir. 2011), is withdrawn. *Carver v. Lehman*, 558 F.3d 869, 878-79 (9th Cir. 2009) (a panel may withdraw an opinion sua sponte before the mandate issues). It may not be cited as precedent by or to this court or any district court of the Ninth Circuit. With the opinion withdrawn, the petition for rehearing en banc is moot. The parties may file a petition for rehearing and petition for rehearing en banc upon the filing of a new decision by the court.

---

*Due to the death of the Honorable Pamela Ann Rymer, the Honorable Diarmuid F. O'Scannlain, United States Circuit Judge for the Ninth Circuit, was drawn to replace her.

The parties are ordered to submit supplemental briefs addressing the following issues and how they affect this case. The parties may, in their discretion, address other issues, but the court is primarily concerned with the issues enumerated below.

> 1.   How should the qualified immunity framework be applied based on the jury's finding that Defendant-Appellant violated Plaintiffs-Appellees' Fourteenth Amendment right to a familial relationship? In other words, what degree of deference, if any, should this court give the jury's implicit finding that Defendant-Appellant used deadly force with the purpose to cause harm unrelated to a legitimate law enforcement objective, and if deference is due, how does this affect the availability of qualified immunity in this case? *See Ryburn v. Huff*, 132 S. Ct. 987 (2012) (per curiam); *McKenna v. Edgell*, 617 F.3d 432 (6th Cir. 2010); *Jennings v. Jones*, 499 F.3d 2 (1st Cir. 2007); *Thompson v. Mahre*, 110 F.3d 716 (9th Cir. 1997).

> 2.   Does the subjective requirement in this case that the Defendant-Appellant act with a purpose to harm unrelated to a legitimate law enforcement objective in order to violate the Plaintiffs-Appellees' Fourteenth Amendment right to familial association affect the qualified immunity inquiry? *See Johnson v. Breeden*, 280 F.3d 1308 (11th Cir. 2002).

Defendant-Appellant shall file a supplemental brief not to exceed twenty pages within fourteen days from the date of this order. Plaintiffs-Appellees shall file a responsive brief not to exceed twenty pages within fourteen days from the date of the filing of Defendant-Appellant's supplemental brief. Defendant-Appellant may also file an optional reply brief not to exceed ten pages within fourteen days after the responsive brief of Plaintiff-Appellee is filed. Extension of these time

limits shall be granted only for good cause shown. All briefs shall conform to the format requirements of Federal Rule of Appellate Procedure 32(a)(4), (5) and (6). Parties who are registered for ECF must file the supplemental brief electronically without submission of paper copies. Parties who are not registered ECF filers must file the original supplemental brief plus 15 paper copies.

After all briefs have been filed, the panel shall confer about whether further oral argument will be helpful in reaching a decision, and if so, the Clerk of Court will make appropriate inquiries with counsel for the parties and with the panel, and then schedule this matter for reargument.