# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-2545

_____

Eddie C. Risdal

*Plaintiff - Appellee*

v.

Mike Nixon, Psychiatric Security Specialist; Adam Rapp, Psychiatric Security Specialist; Glen McCannon, Psychiatric Security Specialist; Brian Shay, Psychiatric Security Specialist

*Defendants - Appellants*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: August 27, 2014
Filed: October 30, 2014
[Unpublished]

_____

Before WOLLMAN, BOWMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

Eddie Risdal, who is committed at Iowa's Civil Commitment Unit for Sexual Offenders, brought a 42 U.S.C. § 1983 complaint, alleging that defendants--staff at the facility--used excessive force on him. Defendants moved for summary judgment,

based in part on qualified immunity, and the district court denied the motion concluding that the record revealed disputed and material facts on whether defendants had violated Risdal's clearly established right to be free from excessive force. This interlocutory appeal by defendants followed.[1] For the reasons discussed, we reverse the judgment of the district court and remand with directions to dismiss the complaint without prejudice.

With his complaint, Risdal produced a declaration made under penalty of perjury stating that defendants had used excessive force, causing him to suffer a "skinned up face," a black eye, and a cut by his eye. During the proceedings below, defendants submitted evidence that Risdal had become extremely violent and belligerent following a hearing on the facility's application to forcibly medicate him. He began throwing chairs and flipping tables; hurled dominoes and salt and pepper shakers at staff; and threw a desk against an office window, breaking it. Defendants sought to bring Risdal under control by taking him to the ground, and during the struggle, Risdal struck his head on a chair. Once restrained, Risdal was handcuffed and placed in seclusion, and he was later found to have minor injuries. Risdal's response to the motion for summary judgment was a one-page document, in which he stated, "Plaintiff Resists Defendants['] February 27, 2013 Motion for Summary Judgment." At a later telephone hearing on the summary judgment motion, Risdal--without first being sworn--stated that, after he was handcuffed, one defendant smashed his head into a chair, breaking his nose and a tooth, while the other defendants watched. The district court noted that Risdal had not previously made that allegation, but denied the motion for summary judgment, based in part on Risdal's telephone statements about how he was beaten after he was restrained. The court concluded that defendants were not entitled to qualified immunity, because assaulting

---

[1]The district court dismissed two other defendants, who are not appellants in this matter, because Risdal's complaint did not make allegations against them.

a person after he had been restrained, causing serious cuts or broken teeth, violated the clearly established right to be free from excessive force.

We have jurisdiction over this interlocutory appeal regarding the denial of qualified immunity to the extent that defendants raise an issue of law, which we review de novo. See Thompson v. King, 730 F.3d 742, 746 (8th Cir. 2013). When a qualified-immunity question arises on a motion for summary judgment, we must accept as true the facts asserted by the plaintiff to the extent they are properly supported in the record. See Mays v. Rhodes, 255 F.3d 644, 647 (8th Cir. 2001). Risdal's unsworn telephone-hearing statements were not properly submitted under Federal Rule of Civil Procedure 56(c), however, and thus the district court erred, as a matter of law, in relying on those statements in denying the motion for summary judgment. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 158 n.17 (1970) (unsworn statements are not admissible at summary-judgment stage of proceedings); Dole v. Elliott Travel & Tours, Inc., 942 F.2d 962, 968-69 (6th Cir. 1991) (court may not consider unsworn statements when ruling on motion for summary judgment). As defendants' account of the incident stands uncontradicted, we need address only the legal question of whether those facts support a denial of qualified immunity to defendants. See Fed. R. Civ. P. 56(e); see also Mays, 255 F.3d at 648 (unsworn statements containing hearsay were inadmissible on summary judgment such that defendant's account of events was uncontradicted).

Viewing the uncontradicted evidence in the light most favorable to Risdal, we conclude defendants are entitled to qualified immunity. See Thompson, 730 F.3d at 746 (qualified immunity requires two-pronged analysis of whether facts demonstrate deprivation of constitutional right and whether right was clearly established at time of deprivation). Specifically, we conclude that the force used to restrain Risdal was objectively reasonable, in light of his highly aggressive and destructive behavior, his relatively minor injuries, and the need to maintain order in the facility. Accordingly, defendants did not violate Risdal's constitutional rights. See Winters v. Adams, 254

F.3d 758, 766 (8th Cir. 2001) (qualified-immunity determination requires consideration of objective legal reasonableness of defendant's conduct in light of information possessed at time of alleged violation); Andrews v. Neer, 253 F.3d 1052, 1061 n.7 (8th Cir. 2001) (excessive-force claim of involuntarily committed state-hospital patient is evaluated under objective-reasonableness standard; factors include need for application of force, relationship between need and amount used, extent of injury inflicted, whether force was used to punish or to maintain order or security, and whether reasonable officer would have used such force in similar circumstances).

Accordingly, we reverse the district court's summary-judgment decision, and we remand this case to the district court with directions to dismiss the complaint without prejudice.

KELLY, Circuit Judge, dissenting.

The court concludes that the district court improperly relied on Risdal's unsworn oral statements in denying the defendants' motion for summary judgment based on qualified immunity. Though I agree that, at a minimum, Risdal should have been placed under oath before answering the court's questions, I do not agree that the district court's reliance on that testimony was reversible error.

Federal Rule of Civil Procedure 56(c) lists the procedures governing a motion for summary judgment. Though that rule does not discuss oral testimony, Rule 43(c) (formerly Rule 43(e)) provides that "[w]hen a motion relies on facts outside the record, the court may hear the matter on affidavits or may hear it wholly or partly on oral testimony or on depositions." Fed. R. Civ. P. 43(c). Together, Rules 56(c) and 43(c) grant the district court discretion to allow oral testimony during a hearing on a motion for summary judgment. See Vital v. Interfaith Med. Ctr., 168 F.3d 615, 621–22 (2d Cir. 1999); Thompson v. Mahre, 110 F.3d 716, 720 (9th Cir. 1997) (discussing Rule 43(e)); Young v. City of Augusta, Ga., 59 F.3d 1160, 1170 (11th

-4-

Cir. 1995) (same); Waskovich v. Morgano, 2 F.3d 1292, 1295–96 (3d Cir. 1993) (same); Walters v. City of Ocean Springs, 626 F.2d 1317, 1322 (5th Cir. 1980) (same). So the court was allowed to question Risdal and accept his testimony, and the question before us is only whether the court's use of the testimony was improper. See Seamons v. Snow, 206 F.3d 1021, 1026 (10th Cir. 2000).

Other circuit courts have suggested that district courts infrequently should allow oral testimony on a motion for summary judgment either because allowing oral testimony could waste time or because there is too great a risk that the district court impermissibly will assess the witness's credibility or resolve factual disputes. See Archdiocese of Milwaukee v. Doe, 743 F.3d 1101, 1109 (7th Cir. 2014); Seamons, 206 F.3d at 1026; Vital, 168 F.3d at 621–22; Thompson, 110 F.3d at 720; Stewart v. RCA Corp., 790 F.2d 624, 628–29 (7th Cir. 1986); see also March v. Levine, 249 F.3d 462, 473 (6th Cir. 2001) ("[O]ral testimony is not favored in summary judgment proceedings due to the well founded reluctance to turn a summary judgment hearing into a trial." (quotation omitted)). But nothing in the record suggests, nor do the defendants, that the district court here impermissibly assessed Risdal's credibility or resolved any factual dispute. Instead, the court allowed Risdal to clarify his allegations so that it could rule on the motion for summary judgment with a full record. Risdal's statements at the hearing then became part of the record, at least provisionally, and the court was allowed to consider them when ruling on the motion. See Fed. R. Civ. P. 56(c)(3) (granting the district court discretion to "consider other materials in the record" not cited by the parties).

Moreover, pleadings filed by pro se litigants are held to less demanding standards than pleadings drafted by, or with assistance from, trained lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Allowing Risdal to present an oral account of the events that led to this § 1983 lawsuit could be seen as an extension of that rule. Given Risdal's status as a forcibly medicated, involuntarily committed patient in a secure facility for violent sex offenders, granting him leeway in

presenting his claim to the court seems sensible. Defendants apparently had no problem with this procedure—they did not object to the hearing itself, to Risdal's statements, or to the district court's reliance on those statements when ruling on the motion.

Regardless of whether it would be wise to extend the liberal-pleading standard, Risdal should have been placed under oath or admonished that any false statement could result in a prosecution for perjury. See 28 U.S.C. § 1746. For that reason a remand may be the better course of action to give Risdal the opportunity, if he so chooses, to testify, this time under oath; present a sworn declaration; or amend his complaint. But to dismiss his complaint because the defendants' account of the incident is "uncontradicted," despite Risdal's statements at the hearing, seems unfair—particularly because it was the district court that directly asked him questions about the scope of the allegations in his complaint.

We have only limited jurisdiction to review the denial of qualified immunity and thus may not determine whether the pretrial record sets forth a genuine issue of fact for trial. See Robbins v. Becker, 715 F.3d 691, 693 (8th Cir. 2013). But the facts that the district court permissibly relied on present a trial-worthy issue on whether defendants violated Risdal's constitutional right to be free from excessive force. See Andrews v. Neer, 253 F.3d 1052, 1061 n.7 (8th Cir. 2001) (listing factors to consider in determining if officer used excessive force against pretrial detainee). In addition, Risdal's constitutional right to be free from the excessive force he described was clearly established by 2009. Cf. Krout v. Goemmer, 583 F.3d 557, 565–66 (8th Cir. 2009) (ruling that, under clearly established law, (1) state actor may be liable if he fails to intervene to prevent unconstitutional use of excessive force by another, and (2) gratuitous use of force against handcuffed, unresisting suspect—including punching him in the head and kneeing him in the back—was objectively unreasonable).

I would affirm the district court's denial of summary judgment based on qualified immunity or, alternatively, remand with instructions to give Risdal the opportunity to provide testimony under oath, either in court or through a deposition, or amend his complaint with an affidavit or sworn declaration recounting the facts he provided at the hearing.

_____