KELLY, Circuit Judge,
dissenting.
The court concludes that the district court improperly relied on Risdal’s un-sworn oral statements in denying the defendants’ motion for summary judgment based on qualified immunity. Though I agree that, at a minimum, Risdal should have been placed under oath before answering the court’s questions, I do not agree that the district court’s rebanee on that testimony was reversible error.
Federal Rule of Civil Procedure 56(c) lists the procedures governing a motion for summary judgment. Though that rule does not discuss oral testimony, Rule 43(c) (formerly Rule 43(e)) provides that “[wjhen a motion relies on facts outside the record, the court may hear the matter on affidavits or may hear it wholly or partly on oral testimony or on depositions.” Fed.R.Civ.P. 43(c). Together, Rules 56(c) and 43(c) grant the district court discretion to allow oral testimony during a hearing on a motion for summary judgment. See Vital v. Interfaith Med. Ctr., 168 F.3d 615, 621-22 (2d Cir.1999); Thompson v. Mahre, 110 F.3d 716, 720 (9th Cir.1997) (discussing Rule 43(e)); Young v. City of Augusta, Ga., 59 F.3d 1160, 1170 (11th Cir.1995) (same); Waskovich v. Morgano, 2 F.3d 1292, 1295-96 (3d Cir.1993) (same); Walters v. City of Ocean Springs, 626 F.2d 1317, 1322 (5th Cir.1980) (same). So the court was allowed to question Risdal and accept his testimony, and the question before us is only whether the court’s use of the testimony was improper. See Seamons v. Snow, 206 F.3d 1021, 1026 (10th Cir.2000).
Other circuit courts have suggested that district courts infrequently should allow oral testimony on a motion for summary judgment either because allowing oral testimony could waste time or because there is too great a risk that the district court impermissibly will assess the witness’s credibility or resolve factual disputes. See Archdiocese of Milwaukee v. Doe, 743 F.3d 1101, 1109 (7th Cir.2014); Seamons, 206 F.3d at 1026; Vital, 168 F.3d at 621-22; Thompson, 110 F.3d at 720; Stewart v. RCA Corp., 790 F.2d 624, 628-29 (7th Cir. 1986); see also March v. Levine, 249 F.3d 462, 473 (6th Cir.2001) (“[Ojral testimony is not favored in summary judgment proceedings due to the well founded reluctance to turn a summary judgment hearing into a trial.” (quotation omitted)). But nothing in the record suggests, nor do the defendants, that the district court here impermissibly assessed Risdal’s credibility or resolved any factual dispute. Instead, the court allowed Risdal to clarify his allegations so that it could rule on the motion for summary judgment with a full record. Risdal’s statements at the hearing then became part of the record, at least provisionally, and the court was allowed to consider them when ruling on the motion. See Fed.R.Civ.P. 56(c)(3) (granting the district court discretion to “consider other materials in the record” not cited by the parties).
Moreover, pleadings filed by pro se litigants are held to less demanding standards than pleadings drafted by, or with assistance from, trained lawyers. Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. *805 2197, 167 L.Ed.2d 1081 (2007). Allowing Risdal to present an oral account of the events that led to this § 1988 lawsuit could be seen as an extension of that rule. Given Risdal’s status as a forcibly medicated, involuntarily committed patient in a secure facility for violent sex offenders, granting him leeway in presenting his claim to the court seems sensible. Defendants apparently had no problem with this procedure — they did not object to the hearing itself, to Risdal’s statements, or to the district court’s- reliance on those statements when ruling on the motion.
Regardless of whether it would be wise to extend the liberal-pleading standard, Risdal should have been placed under oath or admonished that any false statement could result in a prosecution for perjury. See 28 U.S.C. § 1746. For that reason a remand may be the better course of action to give Risdal the opportunity, if he so chooses, to testify, this time under oath; present a sworn declaration; or amend his complaint. But to dismiss his complaint because the defendants’ account of the incident is “uncontradicted,” despite Risdal’s statements at the hearing, seems unfair— particularly because it was the district court that directly asked him questions about the scope of the allegations in his complaint.
We have only limited jurisdiction to review the denial of qualified immunity and thus may not determine whether the pretrial record sets forth a genuine issue of fact for trial. See Robbins v. Becker, 715 F.3d 691, 693 (8th Cir.2013). But the facts that the district court permissibly relied on present a trial-worthy issue on whether defendants violated Risdal’s constitutional right to be free from excessive force. See Andrews v. Neer, 253 F.3d 1052, 1061 n. 7 (8th Cir.2001) (listing factors to consider in determining if officer used excessive force against pretrial detainee). In addition, Risdal’s constitutional right to be free from the excessive force he described was clearly established by 2009. Cf. Krout v. Goemmer, 583 F.3d 557, 565-66 (8th Cir. 2009) (ruling that, under clearly established law, (1) state actor may be liable if he fails to intervene to prevent unconstitutional use of excessive force by another, and (2) gratuitous use of force against handcuffed, unresisting suspect — including punching him in the head and kneeing him in the back — was objectively unreasonable).
I would affirm the district court’s denial of summary judgment based on qualified immunity or, alternatively, remand with instructions to give Risdal the opportunity to provide testimony under oath, either in court or through a deposition, or amend his complaint with an affidavit or sworn declaration recounting the facts he provided at the hearing.