**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEYOE R. HARRIS,

        Plaintiff-Appellant,

  v.

UNIVERSITY OF ARIZONA POLICE
DEPARTMENT, UofAPD; et al.,

        Defendants-Appellees.

No.   18-15159

D.C. No. 4:14-cv-02453-LCK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Lynnette C. Kimmins, Magistrate Judge, Presiding

Submitted August 5, 2020[**]
San Francisco, California

Before:  THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Appellant Deyoe Harris, proceeding *pro se*, challenges the jury's verdict

finding Appellees did not use excessive force during a 2013 stop where Harris was

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

tased, handcuffed, and taken to the hospital.[1]  The scope of our review is limited to the issues raised by Harris in his opening brief, notwithstanding his *pro se* status.[2] *See Entm't. Rsch. Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997); *Wilcox v. Comm'r*, 848 F.2d 1007, 1008 n.2 (9th Cir. 1988).

On substantial evidence review, we find no grounds to overturn the jury's verdict.  *See Barnard v. Theobald*, 721 F.3d 1069, 1079 (9th Cir. 2013).  The jury heard from officers, medical personnel, and witnesses that Harris was uncooperative, combative, yelling, and actively resisting.  The jury also heard Harris's version, and it was their role to assess credibility, not ours.  *See Hung Lam v. City of San Jose*, 869 F.3d 1077, 1085 (9th Cir. 2017).  With multiple witnesses testifying about Harris's erratic and uncontrollable behavior leading up to the use of a taser, there is substantial evidence in the record to support the jury's verdict.  *Id.*

**AFFIRMED.**

---

[1] We deny Harris's pending motions to admit evidence and for consideration. [Docs. 8 and 47.]

[2] We received an amicus brief raising several evidentiary issues that Harris does not appeal.  We find review on these grounds not necessary "to prevent a miscarriage of justice or to preserve the integrity of the judicial process." *Bolker v. Comm'r*, 760 F.2d 1039, 1042 (9th Cir. 1985); *see also Thompson v. Mahre*, 110 F.3d 716, 720–21 (9th Cir. 1997) (on review of record, issue raised by amici not present).