**NOT FOR PUBLICATION**



**FILED**

NOV 20 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DENISE A. CANZONERI, | No. 21-16615 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-08033-SMB |
| v. | |
| PRESCOTT UNIFIED SCHOOL DISTRICT; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| ARIZONA DEPARTMENT OF EDUCATION, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Arizona
Susan M. Brnovich, District Judge, Presiding

Argued and Submitted November 5, 2024
Phoenix, Arizona

Before: HAWKINS, TASHIMA, and OWENS, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appellant Denise Canzoneri ("Canzoneri") appeals the dismissal of her First Amended Complaint ("FAC") against Appellees Prescott Unified School District ("PUSD") and several of its employees. We have jurisdiction under 28 U.S.C. § 1291. For the reasons that follow, we affirm in part and reverse and remand in part.

## BACKGROUND

Canzoneri is a former school librarian who was informed that her position was being eliminated due to budget constraints. Upon learning this, Canzoneri began speaking to other employees at work about forming a committee to address the library's future. Canzoneri then attended a school board meeting after hours in her personal capacity to voice concerns about changes to the library. The next day she was placed on administrative leave and told her employment would not be renewed.

Canzoneri subsequently filed a FAC against PUSD and several of its employees, alleging violations of her First Amendment rights under 42 U.S.C. § 1983. The district court found that Canzoneri pled insufficient facts to state a claim against PUSD for municipal liability under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 694 (1978) ("*Monell*"), and that the individual defendants were entitled to qualified immunity. Canzoneri timely appealed.

## DISCUSSION

1. The district court erred in dismissing Canzoneri's § 1983 claim against PUSD. Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) is reviewed

de novo. *Thompson v. Davis,* 295 F.3d 890, 895 (9th Cir. 2002).

Government entities may be subject to liability under § 1983 when "a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell*, 436 U.S. at 694). Though proof of a single incident is insufficient to establish an unconstitutional custom, *see City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985), liability may be predicated on a single violation if it was the result of an unconstitutional policy. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 480–81 (1986); *see also Lowry v. City of San Diego*, 818 F.3d 840, 855 (9th Cir. 2016) (distinguishing "official municipal policy" from "custom"), *rev'd on other grounds*, 858 F.3d 1248 (2017) (en banc). In such instances, the municipal policy "need only cause a constitutional violation; it need not be unconstitutional per se." *Jackson v. Gates*, 975 F.2d 648, 654 (9th Cir. 1992).

Here, the FAC states that PUSD "had a policy to deprive Plaintiff explicitly of free speech . . . ." Specifically, Canzoneri alleges that she was placed on administrative leave and ultimately not re-hired in retaliation for her participation in the school board meeting. The FAC also alleges that PUSD justified this adverse employment action under Policy GBEA. Indeed, the letters from PUSD to Canzoneri cite Policy GBEA. Therefore, the FAC plausibly alleges that Policy GBEA was the "moving force" behind the adverse employment action which

3

Canzoneri experienced. *Dougherty*, 654 F.3d at 900. This is sufficient to state a claim for municipal liability under *Monell*. 436 U.S. at 708 (a local government may be held liable "when implementation of its official policies or established customs inflicts the constitutional injury"). Whether Canzoneri was disciplined because of her participation in the school board meeting, or due to her conversations at work, is a disputed question of fact inappropriately resolved at the pleadings stage.

2. Dismissal of the individual defendants under the doctrine of qualified immunity was appropriate. Reviewing the grant of qualified immunity de novo, *Thompson v. Mahre*, 110 F.3d 716, 721 (9th Cir. 1997), our task is to determine: "(1) whether the alleged misconduct violated a [constitutional] right and (2) whether the right was clearly established at the time of the alleged misconduct." *Maxwell v. City of San Diego*, 708 F.3d 1075, 1082 (9th Cir. 2013) (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). "As the *Pickering*[1] analysis 'requires a fact-sensitive, context-specific balancing of competing interests, the law regarding public-employee free speech claims will rarely, if ever, be sufficiently clearly established to preclude qualified immunity.'" *Dodge v. Evergreen Sch. Dist. #114*, 56 F.4th 767, 784 (9th Cir. 2022) (quoting *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 980 (9th Cir. 1998)).

---

[1] *Pickering v. Bd. of Ed. of Twp. High Sch. Dist. 205, Will Cnty., Ill.*, 391 U.S. 563 (1968) ("*Pickering*").

Canzoneri has not demonstrated that her right to be free from retaliation was clearly established in this instance. The FAC alleges several facts which indicate that the individual Appellees may have taken the same adverse employment action even if the protected speech had not occurred. For example, the FAC states that Canzoneri was told she was being placed on administrative leave for soliciting teachers to join her committee. A subsequent letter to Canzoneri states that she violated Policy GBEA by "trying to form a committee to continue operating the library" during work hours. Given this alternative justification, it cannot be said that "the outcome of the *Pickering* balance so clearly favors [Canzoneri] that it would have been unreasonable for the [Appellees] to believe that their actions were lawful." *Lytle v. Wondrash*, 182 F.3d 1083, 1089 (9th Cir. 1999). Canzoneri points to no case which clearly establishes that government employees must disregard a valid motive for disciplinary action given the presence of outside protected speech.

Contrary to Canzoneri's assertions, *Greisen v. Hanken*, 925 F.3d 1097 (9th Cir. 2019), does not address the *Pickering* balancing analysis. Canzoneri's blanket appeal to *Pickering* also fails as any asserted First Amendment right in the public employment context must be "defined at a more specific level tied to the factual and legal context of a given case." *Riley's Am. Heritage Farms v. Elsasser*, 32 F.4th 707, 729 (9th Cir. 2022). Thus, Canzoneri has failed to point to "existing precedent" that would have placed this specific "constitutional question beyond debate" for the

5

individual Appellees. *Kisela v. Hughes*, 584 U.S. 100, 104 (2018) (citation omitted). Additionally, we may affirm the grant of qualified immunity at the motion to dismiss stage having determined "based on the complaint itself, that qualified immunity applies." *Polanco v. Diaz*, 76 F.4th 918, 925 (9th Cir. 2023) (citation omitted). Doing so at the motion to dismiss stage reflects "the importance of resolving immunity questions at the earliest possible stage in litigation." *Pearson*, 555 U.S. at 232 (citation omitted).

3. We choose not to consider Canzoneri's argument that the district court erred by dismissing her claims for equitable relief against the individual Appellees as this issue has been waived. *See In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d 772, 780 (9th Cir. 2014) ("[A]rguments not raised in the district court will not be considered for the first time on appeal.").

The matter is remanded to the district court for proceedings consistent with this disposition.

**AFFIRMED IN PART AND REVERSED AND REMANDED IN PART**. **Each party shall bear its own costs on appeal. Fed. R. App. P. 39(a)(4).**